## GLADYS PREBECK v. VILLAGE OF HIBBING.[1]

February 5, 1932.

No. 28,802.

*Gannon, Strizich & Kleffman,* for appellant.
*Mitchell, Gillette & Carmichael,* for respondent.

DIBELL, J.

Action to recover damages for the death of plaintiff's intestate. The defendant moved for judgment on the pleadings. The motion was granted, judgment was entered, and the plaintiff appeals.

The defendant operated an electric light plant in the village of Hibbing and furnished electric current to its inhabitants and among others to the Burrows-Messner Company, which conducted a store

[1]Reported in 240 N. W. 890.

in which the plaintiff's intestate, Mike Prebeck, was an employe. On June 25, 1929, he was killed while handling an electric extension cord under circumstances making the village liable. He and his employer and the defendant were under the compensation act. G. S. 1923 (1 Mason, 1927) § 4261, et seq. The plaintiff, as was her right, received compensation under the act from her husband's employer and its insurer, the Aetna Life Insurance Company. After that she had no right against the defendant for her husband's death. It is not claimed to be otherwise.

The defendant answered denying its liability and alleging that plaintiff had taken the benefit of the compensation act. In her amended reply the plaintiff admitted this and alleged that her husband's employer and its insurer were entitled to recover under L. 1923, p. 373, c. 279, § 1, 1 Mason, 1927, § 4291, which is as follows:

"Where an injury or death for which compensation is payable under part 2 of this act is caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, such party also being subject to the provisions of part 2 of this act, the employe, in case of injury, or his dependents in case of death may, at his or their option, proceed either at law against such party to recover damages, or against the employer for compensation under part 2 of this act, but not against both.

"If the employe in case of injury, or his dependents in case of death, shall bring an action for the recovery of damages against such party other than the employer, the amount thereof, manner in which, and the persons to whom the same are payable, shall be as provided for in part 2 of this act, and not otherwise; provided, that in no case shall such party be liable to any person other than the employe or his dependents for any damages growing out of or resulting from such injury or death.

"If the employe or his dependents shall elect to receive compensation from the employer, then the latter shall be subrogated to the right of the employe or his dependents to recover against such other party, and may bring legal proceedings against such party

and recover the aggregate amount of compensation payable by him to such employe or his dependents hereunder, together with the costs and disbursements of such action and reasonable attorney's fees expended by him therein.

"The provisions of Subdivision 1 of this section shall apply only where the employer liable for compensation under part 2 of this act, and the other party or parties legally liable for damages were engaged in the due course of business, (a) in furtherance of a common enterprise, or (b) the accomplishment of the same or related purposes in operation on the premises where the injury was received at the time thereof, and not otherwise."

The defendant moved for judgment on the pleadings. The motion was granted by an order of February 27, 1931. The judgment from which the appeal was taken was entered on this order on August 22, 1931. Intervening these dates is an order of August 14, 1931, denying a motion to vacate the order of February 27, 1931, reciting that the "Burrows-Messner Company and Aetna Life Insurance Company, as 'intervening plaintiffs' herein," made the motion. The printed record does not show that either of these parties sought subrogation and intervened for that purpose. They did not plead anything. They were not substituted in the place of the plaintiff. They did not ask to use her name as special administratrix and prosecute their right against Hibbing or assume to do so. They were not joined as parties. The notice of appeal dated September 17, 1931, is signed by the "attorneys for plaintiff," and in the body of the notice it is stated that the plaintiff, the employer, and its insurer appeal "from the judgment and the whole thereof entered herein on the 22nd day of August, 1931, pursuant to the order of the court dated February 27, 1931, filed in the office of the clerk of district court at Hibbing, Minnesota, on March 3, 1931, granting the defendant's motion for judgment on the pleadings." All of them join in the giving of the bond on appeal. The bond does not state from what the appeal is taken. It does not appear that anybody but the plaintiff and the defendant appeared when the motion for judgment on the pleadings was granted pursuant to which judgment was entered.

We do not say that the employer and its surety might not have intervened in the action by the plaintiff and presented their claims and had them heard. We do not say that they could. The question is not important here. It is clear that the plaintiff had no cause of action against defendant, and the motion for judgment on the pleadings was made and it was properly ordered upon the ground that the plaintiff was not the real party in interest.

The real question sometime to be determined is whether the employer or its surety can recover of the defendant the amount which was paid the beneficiaries of the decedent under the provisions of the statute quoted above. This determination must be made in an action in which those seeking recovery, as well as the defendant, are bound and there will be a final judgment which will be a bar. Good practice, if not something more substantial, would not permit a recovery upon the present record. When the order for judgment on the pleadings upon which the final judgment was entered was made, no real parties in interest had been suggested.

Whether the employer and insurer and the defendant are within the meaning of the latter portion of § 4291 quoted above, so that the employer or insurer can recover of the defendant, can be determined upon proper issues; and nothing we say prevents an assertion of their claims by the parties when the proper time comes.

Judgment affirmed.